# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOHN HEALY, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:18-CV-36-CLC-DCP |
| ROBERT BURNHART, RALPH DYERS, JEREMY GOINS, and PAUL HAWKINS, | ) |
|     Defendants. | ) |

## **M E M O R A N D U M**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On May 22, 2019, the Court entered an order requiring Plaintiff to provide the Court with information regarding Defendants within twenty-one days of entry of the order (*See* Doc. 9). Specifically, the Court noted that the summonses for each individual Defendant were returned with a notation that the persons on the summonses were inmates, not correctional officers, and it ordered Plaintiff to provide the Court with additional information about Defendants Burnhart, Dyers, Goins, and Hawkins "to clarify the record and assist with service" (*Id.* p. 2). Approximately two months has passed since entry of the order, and Plaintiff has not responded to the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. This first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court has not explicitly warned Plaintiff that his failure to respond to the Court's order could result in the dismissal of this case, but it has advised Plaintiff that he cannot maintain this § 1983 action against other inmates, and that he must provide the Court with additional information to pursue this action (Doc. 9). Plaintiff has ignored that warning, and this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* (Doc. 5) in this matter, and he has not pursued this case or communicated with the Court in over a year.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**An Appropriate Order Will Enter.**

**SO ORDERED**.

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**